UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID FARRELL,<br><br>            Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | 4:22-CV-04161-KES<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

      This matter is before the court on the *pro se* motion of David Farrell, a person incarcerated pursuant to a judgment of this court, to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255.  See Docket No. 1.[1]  Now pending is a motion by the United States ("government") to dismiss Mr. Farrell's motion without holding an evidentiary hearing.  See Docket No. 7.  Mr. Farrell opposes the government's motion.  See Docket No. 12.  This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.S.D. LR 57.11.

---

[1] Documents cited from this civil habeas file will be cited using the court's assigned docket number.  Documents from Mr. Farrell's underlying criminal case, United States v. Farrell, 4:21-CR-40068-KES (D.S.D.), will be cited using the court's assigned docket number preceded by "CR."

**FACTS**

Mr. Farrell's § 2255 motion raises solely a question of law, so few facts from his underlying case need be explained. Mr. Farrell was charged with numerous offenses and entered into a plea agreement to plead guilty to attempted enticement of a minor using the internet in violation of 18 U.S.C. § 2244(b). CR Docket No. 35 at p. 2, ¶ 3. Mr. Farrell's plea agreement recited that the maximum penalty for this offense was a mandatory minimum term of incarceration of 10 years and up to life in prison, a $250,000 fine, or both, and a period of supervised release consisting of a mandatory minimum of five years and up to life. Id.

Following the entry of his guilty plea, draft and final presentence investigative reports (PSR) were prepared. CR Docket No. 42 & 45. Those documents also advised Mr. Farrell that the charge to which he had pled guilty carried with it a mandatory minimum term of five years on supervised release and up to life. CR Docket No. 42 at p. 9, ¶ 48; CR Docket No. 45 at p. 10, ¶ 49. Mr. Farrell did not lodge any objections to the PSR. CR Docket No. 45-1.

The district court sentenced Mr. Farrell to ten years' imprisonment to be followed by a term of supervised release of ten years. CR Docket No. 49 at pp. 2-3. Mr. Farrell did not appeal, though to be fair, in his plea agreement he gave up his right to appeal all issues except jurisdictional issues and upward departures or variances. CR Docket No. 35 at p. 9, ¶ 17.

Mr. Farrell timely filed this § 2255 motion[2] arguing that Congress exceeded its authority and violated the Double Jeopardy clause of the Fifth Amendment when it enacted the statute allowing for a term of supervised release following the conclusion of a federal term of imprisonment. Docket No. 1. The government now moves to dismiss Mr. Farrell's motion without holding an evidentiary hearing. Docket No. 7. As indicated above, Mr. Farrell resists. Docket No. 12.

## DISCUSSION

**A.    Scope of a § 2255 Motion**

Section 2255 of Title 28 of the United States Code was enacted to supersede habeas corpus practice for federal prisoners. Davis v. United States, 417 U.S. 333, 343-44 (1974). Section "2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Id. at 343. Prior to the enactment of § 2255, habeas claims had to be brought in the district where the prisoner was confined, resulting in overburdening those districts where federal correctional institutions were located and presenting logistical issues because the record in the underlying criminal case was often in a distant location. United States v. Hayman, 342 U.S. 205, 212-16 (1952). The enactment of § 2255 resolved these issues by requiring that the motion be filed in the sentencing court. Id.

---

[2] Section 2255 motions are subject to a one-year statute of limitations which begins to run 14 days after judgment is imposed if no direct appeal is filed. See 28 U.S.C. § 2255(f). Mr. Farrell's judgment became final June 28, 2022, and he filed the instant § 2255 motion on November 18, 2022, well within the one year allowed.

The scope of a § 2255 motion is seemingly broader than the scope of a habeas petition, the latter of which is typically limited to allegations of a constitutional dimension. Section 2255 allows a federal prisoner to "vacate, set aside or correct" a federal sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). Where the allegation for relief is *not* based on a violation of a Constitutional or federal statutory right or an assertion that the court was without jurisdiction, the Supreme Court has read a "fundamentality" requirement into § 2255—relief is available for only those errors which constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962); see Peguero v. United States, 526 U.S. 23, 27-30 (1999) (noting collateral relief may be appropriate when a movant is prejudiced by a court's error).

Generally, petitioners are precluded from asserting claims pursuant to § 2255 that they failed to raise on direct appeal. United States v. Frady, 456 U.S. 152, 158-59, 167-68 (1982); United State v. Darden, 915 F.3d 579, 586 (8th Cir. 2019) (finding proper standard for reviewing claims not raised on direct appeal is cause and prejudice). When a § 2255 petitioner asserts a claim that is procedurally defaulted because it was not raised on direct appeal, the

4

claim can only proceed after the petitioner has shown either: (1) actual innocence or (2) that the procedural default should be excused because there was both cause for the default and actual prejudice to the petitioner. Bousley v. United States, 523 U.S. 614, 621-22 (1998); McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001). Therefore, barring a claim of actual innocence, a petitioner must show both cause for why he failed to raise an issue on direct appeal as well as actual prejudice caused by the alleged errors. If a movant fails to demonstrate prejudice, the court need not address whether cause exists to excuse a procedural default. Moore-El v. Luebbers, 446 F.3d 890, 898 (8th Cir. 2006).

Appellate courts generally refuse to review claims of ineffective assistance of counsel on direct appeal; such claims are, therefore, properly addressed in a 28 U.S.C. § 2255 motion such as the one here. See United States v. Campbell, 6 F.4th 764, 775-76 (8th Cir. 2014); United States v. Lee, 374 F.3d 637, 654 (8th Cir. 2004) ("[I]neffective assistance of counsel [claims] are generally not cognizable on direct appeal" and "may be heard only if a miscarriage of justice would otherwise result . . . or if the district court has developed a record on the issues."). Therefore, no procedural default analysis is required before examining petitioner's claims of constitutionally-deficient counsel.

**B.     Mr. Farrell's Claims**

Mr. Farrell argues that 18 U.S.C. § 3583, which authorizes the imposition of a term of supervised release following imprisonment, violates the Double Jeopardy clause of the Fifth Amendment to the Constitution. First, he

5

argues it does so by extending the sentence to a period longer than the originally imposed term of incarceration—in his case, 120 months. Docket No. 1 at pp. 1-2. He also argues the statute is unconstitutional because it subjects him to an unlimited number of prosecutions originating from the original offense—the court assumes Mr. Farrell is referring to revocation proceedings for violation of terms of supervised release. Id. at p. 2.

The government asserts Mr. Farrell's claim is barred due to the fact he entered a guilty plea. Docket No. 8 at pp. 4-5. The government also characterizes Mr. Farrell's motion as "frivolous." Id. at p. 4. Specifically, as to this latter argument, the government asserts that a term of incarceration and a term of supervised release are one sentence, not multiple punishments, for purposes of double jeopardy. Id. at p. 5.

### 1. Waiver Due to Plea

When a § 2255 petitioner has been convicted in his direct criminal proceedings by entering a guilty plea, the scope of issues available to him to be raised in habeas proceedings is curtailed. As the Supreme Court has stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 759 (1970)].
>
> A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional [issue] he might have to the charge, no

> matter how peripheral such a plea might be to the normal focus of counsel's inquiry. And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, . . . it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

The Supreme Court has explained why a guilty plea cuts off all constitutional claims that predate a plea. Pleas are necessarily based on imperfect knowledge of the law and facts—one can only know what the result of a full-blown jury trial will be after the trial has been had, and even then, truth is still often in dispute. McMann, 397 U.S. 769-70. If a defendant admits his commission of a crime, upon good faith, reasonably competent advice from his counsel, the defendant assumes the risk that his attorney might be wrong about the facts or the outcome of a legal issue. Id. at 774.

The government's argument is misplaced because a valid guilty plea only cuts off arguments about mistakes and constitutional violations which occurred *before* the plea. The issue Mr. Farrell raises has to do with his sentence, which occurred *after* his plea. Therefore, Mr. Farrell's presumably valid plea does not preclude his raising an argument that his sentence violates his constitutional rights.

### 2. Merits of Mr. Farrell's Argument

The government characterizes Mr. Farrell's argument as "wholly frivolous." The court disagrees. In recent history, respected voices in the legal community have argued that supervised release violates the Fifth and Sixth

Amendment rights of criminal defendants.  See, e.g., United States v. Peguero, 34 F.4th 143, 165 (2d Cir. 2022) (Underhill, District Judge, dissenting); Stefan R. Underhill & Grace E. Powell, Expedient Imprisonment:  How Federal Supervised Release Sentences Violate the Constitution, 108 Va. L. Rev. Online 297 (2022).  Nevertheless, this court is bound by Eighth Circuit precedent and that precedent defeats Mr. Farrell's argument.

The Supreme Court in Johnson v. United States, 529 U.S. 694, 699-701 (2000), held that supervised release revocation punishments are part of the penalty for the original offense, not a new prosecution.  Relying on this case law, the Eighth Circuit has rejected claims that supervised release revocation proceedings violate the Double Jeopardy clause.  United States v. Bennett, 561 F.3d 799, 801-03 (8th Cir. 2009).  The Second Circuit, in the Peguero case cited above, also rejected the argument, noting that not one other circuit court of appeals has endorsed the argument.  Peguero, 34 F.4th at 157 n.7.

The Second Circuit also analyzed the Supreme Court's plurality opinion in United States v. Haymond, ___ U.S. ___, 139 S. Ct. 2369 (2019), and determined that the Haymond opinion left settled law intact as to the constitutionality of supervised release revocation proceedings.  Peguero, 34 F.4th at 158-59.  This court cannot but agree.  Being bound by existing binding precedent, the court concludes Mr. Farrell's Fifth and Sixth Amendment rights were not violated by the imposition of a term of supervised release in addition to his initial term of incarceration.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends granting the government's motion to dismiss [Docket No. 7], and dismissing Mr. Farrell's § 2255 motion in its entirety. There are no factual issues to resolve, so no evidentiary hearing is recommended.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 15th day of February, 2023.

BY THE COURT:

*/s/ Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge